UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 0:14-cv-03266-DSD-FLN

Federal Home Loan Mortgage Corporation,

        Plaintiff,

v.

Bruce A. Sobotta, Loretta P. Sobotta,
CitiMortgage, Inc., Webster Bank, N.A.,
State of Minnesota, United States of America,

        Defendants,

Wright County,

        Intervenor.

**FINDINGS OF FACT,
CONCLUSIONS OF LAW,
ORDER FOR JUDGMENT,
AND JUDGMENT**

---

The above-entitled matter came on for hearing on December 4, 2015 on Plaintiff's motion for default judgment. John F. Nielsen appeared on behalf of Plaintiff. No other appearances were made. Based upon the entire record, file, and proceedings herein, the Court makes the following:

FINDINGS OF FACT

1.     This action involves, affects, or brings into question real property situated in the County of Wright, commonly known as 16469 Gowan Avenue NW, Clearwater, Minnesota 55320 and legally described as:

> **Those parts of the Northwest Quarter of the Southeast Quarter, Government Lot 1 and Government Lot 2 of Section 12, Township 122, Range 27, Wright County, Minnesota described as follows: Commencing at the southwest corner of said Government Lot 2; thence on an assumed bearing of South 89 degrees 35 minutes 16 seconds East along the south line of said Government Lot 2, a distance of 66.00 feet to the southeast corner of the West 66.00 feet of**

1

said Government Lot 2; thence North 0 degrees 16 minutes 21 seconds East along the east line of said West 66.00 feet of Government Lot 2, a distance of 770.20 feet; thence South 89 degrees 35 minutes 16 seconds East, a distance of 504.02 feet to the point of beginning of the land to be described; thence North 52 degrees 55 minutes 51 seconds East, a distance of 598.89 feet; thence North 23 degrees 37 minutes 46 seconds East, a distance of 1343.84 feet to the southwest line of a township road, thence South 52 degrees 49 minutes 11 seconds East along said southwest line, a distance of 67.89 feet to point hereinafter referred to as Point A to be described; thence South 23 degrees 37 minutes 46 seconds West, a distance of 1327.94 feet; thence South 42 degrees 49 minutes 49 seconds East, a distance of 957 feet more or less to the shoreline of Fish Lake, thence southwesterly along said shoreline, a distance of 673 feet more or less to the intersection of a line bearing South 42 degrees 49 minutes 49 seconds East from the point of beginning; thence North 42 degrees 49 minutes 49 seconds West, a distance of 925 feet more or less to the point of beginning. Point A is described as follows: Commencing at the northwest corner of said Northwest Quarter of the Southeast Quarter; thence South 89 degrees 29 minutes 39 seconds East along the north line of said Northwest Quarter of the Southeast Quarter, a distance of 1233.52 feet to said southwest line of a township road; thence South 52 degrees 49 minutes 11 seconds East along said southwest line, a distance of 499.89 feet to said Point A.

(referred to as the "16 Acre Parcel")

2. Defendants Bruce A. Sobotta and Loretta P. Sobotta took title to the following property by way of a warranty deed executed by Phillip J. Niezgocki and Lottie M. Niezgocki, dated September 19, 1988, and recorded September 19, 2008 as document 447698, legally described as:

That part of the Northwest Quarter of the Southeast Quarter and that part of Government Lots 1 and 2 all in Section 12, Township 122, Range 27, Wright County, Minnesota described as follows: Beginning at the northwest corner of said Northwest Quarter of the Southeast Quarter; the" a distance of 1233.52 feet to the Southwest line of township road; thence Southeast deflecting 36 degrees 40 minutes 28 seconds right a distance of 499.89 feet; thence Southwesterly deflecting 76 degrees 26 minutes 57 seconds right a distance of 1327.94 feet; thence Southeast defecting 66 degrees 27 minutes 35 seconds left to the shoreline of Fish Lake; thence southwesterly along said shoreline to the South line of said Government Lot 2; thence West along said South line to the Southwest corner of said Government Lot 2; thence North along the West line of said Government Lot

2 and said Northwest Quarter of the Southeast Quarter to the point of beginning, Wright County, Minnesota.

(referred to as the "80 Acre Parcel").

3.  The 80 Acre Parcel includes the 16 Acre Parcel.

4.  On or about April 3, 2003, the Sobottas executed an Deed Restriction limiting any further residences, divisions or nonagricultural development within the 80 Acre Parcel, recorded April 7, 2003 as document 842537. Said deed restriction was agreed to by the Sobottas in exchange for a granting of a division of the 80 Acre Parcel thereby creating the following parcel:

> Those parts of the Northwest Quarter of the Southeast Quarter, Government Lot 1 and Government Lot 2, Section 12, Township 122, Range 27, Wright County, Minnesota described as follows: Commencing at the Northwest corner of said Northwest Quarter of the Southeast Quarter; thence on an assumed bearing of South 89 degrees 29 minutes 39 seconds East along the North line of said Northwest Quarter of the Southeast Quarter, a distance of 1233.52 feet to the Southwesterly right of way line of a township road; thence South 52 degrees 49 minutes 11 seconds East along said Southwesterly right of way line, a distance of 432.00 feet to the point of beginning of the land to be described; thence continue South 52 degrees 49 minutes 11 seconds East along said Southwesterly right of way line, a distance of 67.89 feet; thence South 23 degrees 37 minutes 46 seconds West, a distance of 1327.94 feet; thence South 16 degrees 13 minutes 51 seconds West, a distance of 310.38 feet; thence South 04 degrees 45 minutes 49 seconds East, a distance of 207.99 feet; thence South 41 degrees 51 minutes 18 seconds East, a distance of 150.00 feet; thence North 51 degrees 02 minutes 33 seconds East, a distance of 203.54 feet; thence South 41 degrees 51 minutes 18 seconds East, a distance of 379.13 feet; thence South 51 degrees 02 minutes 33 seconds West, a distance of 209.55 feet; thence North 41 degrees 51 minutes 18 seconds West, a distance of 251.83 feet; thence North 67 degrees 07 minutes 22 seconds West, a distance of 140.57 feet; thence North 41 degrees 51 minutes 18 seconds West, a distance of 172.02 feet; thence North 04 degrees 45 minutes 49 seconds West, a distance of 240.83 feet; thence North 16 degrees 13 minutes 51 seconds East, a distance of 332.54 feet; thence North 23 degrees 37 minutes 46 seconds East, a distance of 1343.84 feet to the point of beginning.

(referred to as the "5 Acre Parcel")

5. The 5 Acre Parcel lies within the 16 Acre Parcel.

6. On or about January 12, 2007, the Sobottas granted a mortgage to ABN AMRO Mortgage Group, Inc. in the amount of $353,500.00, recorded February 1, 2007 as document A1041661 (the "First Mortgage").

7. Also on or about January 12, 2007, the Sobottas granted a mortgage to ABN AMRO Mortgage Group, Inc. in the amount of $65,000.00, recorded February 1, 2007 as document 1041662 (the "Second Mortgage"), assigned to Defendant Webster Bank, N.A. by assignment recorded June 9, 2008 as document A1090371.

8. The First Mortgage and Second Mortgage include the legal description for the 80 Acre Parcel, which includes the 16 Acre Parcel (and therefore also the 5 Acre Parcel), as well as other property.

9. On or about April 20, 2007, the Wright County Board of Adjustment executed an Order Granting Variance for the previously approved lot line adjustment and variance expanding the 5 Acre Parcel to the 16 Acre Parcel, recorded April 23, 2007 as document A1050826.

10. The Internal Revenue Service filed a federal tax lien against Bruce A. and Loretta P. Sobotta in the amount of $35,951.84, dated June 16, 2011 and recorded June 28, 2011 as document 1178549.

11. The Internal Revenue Service filed a federal tax lien against Bruce Sobotta in the amount of $25,169.44, dated June 16, 2011 and recorded June 28, 2011 as document 1178550.

12. The Minnesota Department of Revenue filed a Notice of State Tax Lien against Bruce Sobotta in the amount of $309,754.13, dated October 5, 2011 and recorded October 12, 2011 as document 1185442.

13. The Minnesota Department of Revenue filed a Notice of State Tax Lien against Loretta Sobotta in the amount of $9,340.45, dated February 14, 2012 and recorded February 23, 2012 as document 1195346.

14. The above-described state and federal tax liens ("Tax Liens") were recorded subsequent to the recording of the First Mortgage.

15. On or about February 9, 2012, CitiMortgage, Inc., successor in interest by merger to ABN AMRO Mortgage Group, Inc., executed a partial release of mortgage, recorded April 10, 2012 as document A1199827 ("Partial Release").

16. The Partial Release released from the First Mortgage all the property within the 80 Acre Parcel except the 5 Acre Parcel, thereby retaining the lien of the First Mortgage on only the 5 Acre Parcel.

17. By releasing all but the 5 Acre Parcel, the Partial Release purported to make the First Mortgage a lien on only a portion of an accessory building lying adjacent to the house ("Pole Barn").

18. The Pole Barn lies on the boundary line of the 5 Acre Parcel but is entirely within the 16 Acre Parcel (which contains the 5 Acre Parcel and the surrounding area).

19. On August 1, 2012, the Sobottas were divorced under the Findings of Fact, Conclusions of Law, and Order for Judgment, Judgment and Decree filed in Hennepin County District Court Case No. 27-FA-12-4568 (the "Divorce Decree").

20. The Divorce Decree states that the Sobottas are the owners of the 16 Acre Parcel (as identified by two tax parcel numbers: the 5 Acre Parcel and the surrounding portions of the 16 Acre Parcel), as well as other property within the 80 Acre Parcel in which the Sobottas owned only a half interest, and awards this property to Bruce A. Sobotta.

21. The Divorce Decree states that the property owned by the Sobottas is subject to a first mortgage and that Bruce A. Sobotta is responsible for any and all encumbrances on the property and related debt.

22. On or about April 17, 2013, the First Mortgage was foreclosed and the 5 Acre Parcel sold to CitiMortgage, Inc. under a sheriff's certificate of sale, recorded April 19, 2013 as document A1234731 ("Foreclosure").

23. On or about April 25, 2013, CitiMortgage, Inc. gave a limited warranty deed to Plaintiff Freddie Mac, recorded June 13, 2013 as document 1239558 (the "Freddie Mac Deed"), conveying the 5 Acre Parcel.

24. Plaintiff's Second Amended Complaint in this action sets forth a valid request for a reformation of the Foreclosure and the Freddie Mac Deed from the legal description of the 5 Acre Parcel to the legal description for the 16 Acre Parcel, as well as a determination that the above-described Tax Liens do not encumber the 16 Acre Parcel.

25. Pursuant to a settlement and stipulations between Plaintiff, Defendant Bruce A. Sobotta, Defendant CitiMortgage, Inc., Defendant State of Minnesota, Defendant United States of America, and Intervenor Wright County, the Court entered an Order determining that Plaintiff is the owner of the 16 Acre Parcel and that the Tax Liens are

not liens against the 16 Acre Parcel. (Doc. No. 41, Stipulation; Doc. No. 42, Stipulation for Settlement; Doc. No. 43, Order.)

26. The determinations in the above-described settlement Order are the same as the relief sought by Plaintiff in the Second Amended Complaint.

27. The Complaint, Amended Complaint, and Second Amended Complaint were served on Loretta P. Sobotta and Webster Bank but neither answered or otherwise defended other than that, after receiving the Amended Complaint, Loretta P. Sobotta emailed counsel for Plaintiff stating that Bruce A. Sobotta was the owner of the Property and inquiring as to whether she needed to do anything, presumably in response to the court action.

28. On September 29, 2015, the Clerk entered default against Loretta P. Sobotta and Webster Bank.

29. Under the above-described Divorce Decree, Loretta P. Sobotta does not have an interest in the 16 Acre Parcel and therefore has no basis to object to the settlement in which that 16 Acre Parcel is determined to be owned by Plaintiff and not encumbered by the Tax Liens.

30. The Foreclosure has not been vacated, and therefore any interest of Webster Bank under the Second Mortgage has not be revived and remains extinguished by the Foreclosure.

31. Loretta P. Sobotta and Webster Bank were served with the motion documents for this motion for default judgment.

## CONCLUSIONS OF LAW

1. Loretta P. Sobotta and Webster Bank, N.A. are in default, and Plaintiff is entitled to default judgment against them pursuant to Fed. R. Civ. P. 55(b)(2).

2. Pursuant to this motion and the Order filed in the above-captioned matter on September 21, 2015, as Doc. No. 43, Plaintiff is the owner in fee simple of the above-described 16 Acre Parcel free and clear of any right, title, or interest of Defendants Loretta P. Sobotta and Webster Bank, N.A.

## ORDER FOR JUDGMENT

1. Petitioner's motion for default judgment (Doc. No. 48) is hereby GRANTED.

2. Pursuant to this motion and the Order filed in the above-captioned matter on September 21, 2015, as Doc. No. 43, Plaintiff is the owner in fee simple of the above-described 16 Acre Parcel free and clear of any right, title, or interest of Defendants Loretta P. Sobotta and Webster Bank, N.A.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: 12/4/15

By: _____
David S. Doty
United States District Judge